IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| RONALD HILLS | : | |
| | : | No. 08-654-1 |

**M E M O R A N D U M**

PRATTER, J.                                                                                            AUGUST 8, 2009

Defendant Ronald Hills moves to sever the counts of his indictment so that the counts be separated for purposes of conducting two trials. Specifically, Mr. Hills argues that under Federal Rule of Criminal Procedure 8(b) Counts 1 and 2 are not properly joined with Counts 3, 4, and 5, and under Federal Rule of Criminal Procedure 14 even if the counts are properly joined, trying all of the charges together would visit unfair prejudice upon him at trial. The Government counters that the counts were properly joined and that interests in judicial economy outweigh the minimal prejudice that might result from trying all counts at the same time.[1] Because the Court finds that the counts were not properly joined under Federal Rule of Criminal Procedure 8(b), the Court need not reach the question of whether a trial of all counts charged in the indictment would unfairly prejudice Mr. Hills.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Hills is charged in a Superseding Indictment with armed bank robbery (Count 1, along with defendant April Richardson, Mr. Hills's girlfriend), use of a firearm to commit the

---

[1] Both parties agree that Count 5, possession of a firearm by a felon, should be handled separately from the other counts at trial, unless evidence of Mr. Hills' prior felony conviction is otherwise introduced at trial. See July 7, 2009 Tr. at 17, 27-28.

acts charged in Count 1 (Count 2), possession with intent to distribute crack cocaine (Count 3, along with defendant Sheree Geter-Hills, Mr. Hills's wife), possession of a firearm in furtherance of a drug trafficking crime (Count 4), and possession of a firearm by a felon (Count 5).  Counts 1 and 2 arise out of the armed robbery of the National Penn Bank, which took place on September 18, 2009, while Counts 3, 4, and 5 involve events occurring nearly a month earlier, on August 22, 2008, concerning drug related matters.  The Superseding Indictment contains no factual link between the two sets of charges, aside from the alleged involvement of Mr. Hills himself in both sets of events.[2]

Mr. Hills filed a motion to sever Counts 1 and 2 from Counts 3, 4, and 5, which the Government opposes.  On July 7, 2009, the Court heard oral argument on the motion.

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 8 governs the joinder of offenses and defendants:

(a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

(b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8.  When multiple defendants are charged in one case, as here, Rule 8(b) applies to both the proper joinder of defendants and the proper joinder of offenses.  See U.S. v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003).  Rule 8(b) is more restrictive than Rule 8(a), in that Rule 8(b)

---

[2] The gun referenced in Counts 1 and 2 is not the same gun that was allegedly involved in Counts 4 and 5.

does not expressly extend to allow joinder of acts that are "of the same or similar character" as does Rule 8(a). See id. at 287 n.4. Nonetheless, Rule 8(b)'s terms are broadly construed. For instance, all that is required for charges to be considered part of the same "transaction" is that there is a logical relationship between them. See U.S. v. Kemp, No. CRIM. A. 04-370, 2004 WL 2757867, at *2 (E.D. Pa. Dec. 2, 2004). To determine whether there is a logical relationship between charges, trial judges may look at pre-trial documents, as well as at the indictment. See U.S. v. McGill, 964 F.2d 222, 242 (3d Cir. 1992).

Having weighed carefully the parties' arguments, and acknowledging that this case presents an undeniably close question on the issue of severance, the Court concludes for the reasons stated below that the Motion should be granted.

**DISCUSSION**

Mr. Hills argues that the charges contained in Counts 1 and 2 do not share a factual nexus with the charges in Counts 3, 4, and 5. He contends that the acts charged in Counts 1 and 2 occurred on different dates, involved different guns of different characteristics, and involved different co-defendants from the acts charged in Counts 3, 4, and 5. He notes that the Government did not even try to argue that the alleged armed robbery was committed to further the alleged drug crimes, or vice versa. Mr. Hills argues that without a physical or temporal connection between the events, Counts 1 and 2 are misjoined with Counts 3, 4, and 5 and should be tried separately.

The Government responds by noting that Rule 8(b) should be construed liberally in favor

of joinder. See U.S. v. Baker, 10 F.3d 1374, 1387 (9th Cir. 1993).³ The Government emphasizes that both alleged crimes were committed during a relatively short span of time using a firearm. It proffers that Mr. Hills's co-defendant in the armed robbery charges (Ms. Richardson) will identify the gun involved in the drug charges and testify generally that Mr. Hills trafficked in crack cocaine.⁴ The Government also points to the fact that Mr. Hills's wife and co-defendant in the drug charges (Ms. Geter-Hills) identified Mr. Hills in the surveillance photos from National Penn Bank, the site of the alleged armed robbery, and therefore may potentially testify as to both sets of charges.

The potential witness links cited by the Government as justifying joinder are tenuous at best. The only real connection between the armed robbery and drug counts seems to be Mr. Hills himself. While it is true that his two co-defendants may each have information to share about the counts with which they are charged as well as the counts with which they are not charged, the proposed testimony itself does not overlap. Furthermore, at oral argument, counsel for the Government admitted that the armed robbery was "clearly" not part of the same plot as the drug charges. See July 7, 2009 Tr. at 18.

The Government cites several cases upholding the joinder of charges, each of which is

---

³ The Government also notes that a trial judge's "decision to try all of the charges at once will be upheld unless the defendant shows that the charges were misjoined *and* that the defendant suffered actual prejudice." See Gov't's Opp. at 8, citing U.S. v. Gorecki, 813 F.2d 40, 42 (3d Cir. 1987) (emphasis in original). While it is true that a district court's error in allowing misjoined counts to be tried together will not be overturned if the error is harmless, that does not require a defendant to show prejudice when initially moving to sever counts under Rule 8 (i.e., before an error, harmless or otherwise, has been made).

⁴ Both of these topics are the subject of other pre-trial motions, which the Court does not address here.

distinguishable because each features a much stronger connection between charges than the "connection" found in this case. For instance, the Government referred to two cases during oral argument, which it believes are its "best" cases, see July 7, 2009 Tr. at 23-24, but neither compels the Court to rule in the Government's favor. In U.S. v. McGill, 964 F.2d 222 (3d Cir. 1992), the Third Circuit Court of Appeals upheld the joinder of tax and bribery counts that were part of the same "enrichment scheme," and were linked by the fact that the receipt of cash payments was a method used by the defendant to evade his tax obligations, as well as an essential part of the bribery charges. Id. at 241-42. Here, as to Mr. Hills, the Government has not set forth any scheme connecting the armed robbery and drug charges. In U.S. v. Rabbitt, 583 F.2d 1014 (8th Cir. 1978) (cited in McGill, 964 F.2d at 241), the court upheld the joinder of corruption charges brought against a state legislator, but did so under Rule 8(a), which features a more permissive standard in allowing joinder of counts that are "of the same or similar character." The corruption charges certainly fit that bill. See id. at 1021.[5] See also U.S. v. Davis, 397 F.3d 173, 182 (3d Cir. 2005) (upholding joinder of defendants when all of the defendants were arrested on the same night in the same car but individually charged with gun and drug possession); U.S. v. Yefsky, 994 F.2d 885, 895 (1st Cir. 1993) (holding that counts encompassing two schemes that shared participants (i.e., multiple overlapping defendants), victims, and a time frame were properly joined).

      A more apt comparison can be drawn between the facts here and those in U.S. v. Chavis, 296 F.3d 450 (6th Cir. 2002). In Chavis, the defendant argued for severance when charged with

---

[5] Even if Rule 8(a) applied here, unlike in Rabbitt, the charges against Mr. Hills, armed robbery and possession with intent to distribute, are not "of the same or similar character."

firearm offenses and drug offenses. Id. at 453. The firearm offenses involved a straw purchase in which the defendant was allegedly assisted by a woman who received crack cocaine in exchange for her help, while the drug offenses, which occurred at a later date, involved possession of cocaine base with intent to distribute. Id. at 453-54. The court noted that because the charges involved no overlap in proof and did not arise from the same series of events or factual background, the purpose of the rule concerning judicial efficiency would not be served by trying them all at once. Id. at 460. See also U.S. v. Brown, Criminal Action No. 07-0296-1, 2008 WL 161146, at *3-5 (E.D. Pa. Jan. 16, 2008) (severing gun and drug charges when the charges related to conduct separated in time by months and not connected by any conspiracy or other factual link); U.S. v. Plummer, No. 2:05-cr-336, 2007 WL 2973712, at *5-6 (W.D. Pa. Oct. 10, 2007) (severing drug and firearm counts despite the fact that after the drugs were found in the home of the defendant's girlfriend, she pointed police to defendant's car, in which the firearm was found).

The fact that Mr. Hills allegedly participated in all of the criminal activities charged here is not enough to satisfy even the broad standards of Federal Rule of Criminal Procedure 8. Likewise, the possibility that two witnesses may potentially testify regarding more than one set of charges when the testimony itself does not overlap (and thus could just as easily be presented separately in two trials as it could in one trial) does not meet the procedural requirements for joinder.[6] Therefore, the Court does not find a "logical relationship" between Counts 1 and 2 and Counts 3, 4, and 5, which is necessary to join the counts as part of the same transaction under

---

[6] Indeed, it is hardly surprising that two people intimately connected with the defendant's life–his wife and his girlfriend–may be able to testify as to more than one event involving the defendant.

Federal Rule of Criminal Procedure 8(b).

## CONCLUSION

For the foregoing reasons, the Court grants Defendant Ronald Hills's Motion to Sever Counts.

An appropriate order follows.

BY THE COURT:

  /s/ Gene E.K. Pratter
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE