IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| RONALD HILLS | : | |
| | : | No. 08-654 |

M E M O R A N D U M

PRATTER, J.                                                                                       SEPTEMBER 25, 2009

**INTRODUCTION**

The Government has filed two motions in limine (Doc. Nos. 47 and 55) seeking admission of four particular pieces of evidence at Mr. Hills's upcoming trials on charges involving alleged bank robbery, possession of a firearm in furtherance of a crime of violence, possession of five grams or more of crack cocaine with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime and felon-in-possession of a firearm.[1] Mr. Hills opposes both motions.

Upon close evaluation of the opposing arguments, including the oral arguments ably

---

[1] Mr. Hills was initially indicted on the bank robbery charge and one firearm charge. Subsequently, a superceding indictment added the other three charges. Pursuant to a motion filed by Mr. Hills, the Court, by Order entered August 10, 2009 (Doc. No. 82), severed the armed robbery and one gun possession counts from the other two gun and the drug charges for purposes of trial.

presented by counsel to further supplement their respective written submissions, the Court grants the motions in part, and denies them in part, and, as to one aspect, holds an issue in abeyance as discussed in this Memorandum.

**DISCUSSION**

1.  <u>Mr. Hills's alleged robbery of elderly couple on August 21, 2008 and alleged threat to use a gun.</u>

The Government is prepared to introduce evidence that Mr. Hills accosted an elderly couple on August 21, 2008 and verbally threatened to shoot them if they resisted his demands. The Government advocates limited use of this evidence to prove that the gun found at Mr. Hills's wife's house[2] the next day on August 22, 2008 belonged to Mr. Hills. During the robbery of the elderly couple, however, the Government acknowledges that Mr. Hills did not brandish a gun when he allegedly threatened to shoot his robbery victims if they did not cooperate with him. Neither member of the couple ever saw Mr. Hills with a gun. Likewise, it appears they did not see a bulge in Mr. Hills's clothes or make any other observation that would suggest the physical presence of a gun.

To support the admission of this evidence, the Government cites cases upholding the admission of testimony regarding a defendant's prior possession of a gun that was the same as, or at least similar to, the gun involved in charges at issue. <u>See, e.g.</u> <u>United States v. Tenorio</u>, 2009 WL 361365 (10th Cir. 2009) (upholding admission of girlfriend's testimony that she had seen her boyfriend in possession of the gun at issue - - which had been found in her car - - on two prior

---

[2] Within the paper submissions, sometimes this residence is referred to as Ms. Geter-Hills's home, and sometimes as a shared residence. The bedroom where the gun and drugs were found by law enforcement personnel is often referred to as a shared bedroom.

occasions, once within a few months of the arrest of the boyfriend and once the day before the arrest, and that defendant boyfriend had threatened her with it); United States v. Toliver, 283 Fed. Appx. 869 (2nd Cir. 2008) (upholding admission of testimony that witness saw defendant in possession of a similar, and possibly the same, gun about 30 days before the charged offense). These cases are factually so different from Mr. Hills's case that the Court concludes they do not support the admission of the testimonial evidence proposed here. The most that this proposed evidence could be is that Mr. Hills threatened to use an unseen - - and quite possibly nonexistent - - gun. The Court does not perceive the reliability of such evidence or its probity on the issue of whether a specific gun found the next day at Ms. Geter-Hills's residence belonged to Mr. Hills. Moreover, the prejudice of admitting testimony about the robbery of an elderly couple, an act that the jury certainly could consider to be shocking or outrageous (or at least as adding an element of prejudicial antipathy toward Mr. Hills), would far outweigh any dubious probative value. Hence, this proposed evidence as currently described by the Government will not be admitted.

2. Evidence of Mr. Hills's "casing" behavior

Mr. Hills is charged with robbing the National Penn Bank on September 18, 2008. Bank surveillance photos show blurry or indistinct pictures of a man wearing a Tee-shirt that says "ENYCE 1996." About an hour earlier, a man entered a Citizens Bank branch and behaved suspiciously enough that bank employees alerted security. The security photographs taken at the Citizens Bank show a clearer picture of a man wearing a Tee-shirt that says "ENYCE 1996." Employees of National Penn were shown the Citizens Bank photo and identified the man as the same person who robbed National Penn Bank. In addition, both Mr. Hills's wife and his girlfriend identified the man in the Citizens Bank photo as Mr. Hills.

The Government seeks to admit the Citizens Bank photo, as well as testimony regarding how that photo came to the attention of the authorities. Mr. Hills argues that the evidence is cumulative - - because at least some witnesses were able to identify him and connect him to the National Penn events without the Citizens Bank photos.

Neither the Government nor Mr. Hills cite any case law that involves a similar factual scenario. The Court did not locate any case law factually on point. However, the Court turns to common sense to conclude that the Citizens Bank photo is admissible because it tends to prove the identity of the person who robbed National Penn Bank. Nonetheless, as the Court cautioned the Government during oral argument on this matter, the Court will carefully monitor and limit the preparatory testimony regarding the photo as it may relate to the supposed "casing" behavior at Citizens Bank. The Court will permit only closely circumscribed contextual testimony to the extent background information is absolutely necessary to explain how the photograph came to the attention of the authorities.

3.  Testimony concerning Mr. Hills's possession of the black Llama .45 cal. handgun found at the Hills's residence

Ms. Richardson, Mr. Hills's girlfriend and co-defendant on the armed robbery charges, apparently would testify that Mr. Hills gave her his handgun in early 2007, that she kept it for four months, and that she gave it back to him in July, 2007. She would acknowledge that she did not see Mr. Hills with the gun after that time. The Government hopes to offer this evidence to prove that Mr. Hills possessed the gun a year later, in August 2008, when it was found in the bedroom that he shared with his wife at his wife's home. The Government again relies on Tenorio, 2009 WL 3613651, which it argues holds that evidence of prior possession of a gun is

4

probative of whether the defendant possessed the gun on the date of the offense.

The Government also submitted two letters to the Court, one (dated July 16, 2009) explaining the time frame during which Ms. Richardson saw Mr. Hills in possession of the gun and another (dated August 18, 2009) offering additional authority in support of its motion. In those letters, the Government cites United States v. Wilson, 46 Fed. Appx. 93 (3d Cir. 2002) (without delineating when earlier events occurred in relation to charged conduct, upholding admission of testimony of childhood friend that the defendant had given him a firearm, which he returned to the defendant, and that the defendant told the friend that another person was arrested possessing that firearm); United States v. Elder, 16 F.3d 733 (7th Cir. 1994) (upholding admission of testimony of several witnesses who saw the defendant in possession of a firearm during the year leading up to the charged conduct); and United States v. Abbott, 574 F.3d 203 (3d Cir. 2009) (upholding with limited discussion the admission of testimony concerning the defendant's prior arrest three years earlier for selling cocaine at the same location involved in the indictment at issue).

The Court is unpersuaded that these cases justify admission of the proposed evidence here. This case involves possession of a specific gun, a black Llama .45 caliber handgun. Mr. Hills could easily have given or otherwise surrendered that specific gun to his wife during the 13 months after Ms. Richardson saw him with it. This lengthy gap between when Ms. Richardson saw Mr. Hills with the gun and when the police confiscated it from the bedroom shared by co-defendants Mr. Hills and Ms. Geter-Hills so dilutes the possible probative value of Ms. Richardson's testimony on this specific point as to make it inadmissible.

4.     Evidence of Mr. Hills's prior drug dealing activity

The drugs at issue in this case were found in Mr. Hills's wife's purse. To prove that the drugs belonged to Mr. Hills rather than to Ms. Geter-Hills exclusively, the Government wants to offer evidence that Mr. Hills actively distributed crack cocaine in the three months leading up to the discovery of the drugs at issue here, and that Mr. Hills had been involved in crack cocaine distribution for at least 10 years prior to his arrest.

Considerable case law permits the admission of such drug dealing evidence when, for example, the ownership of the drugs is in question or when it helps to prove or disprove some other important issue. See, e.g., United States v. Wright-Barker, 784 F.2d 161, 174-75 (3d Cir. 1986) (upholding the admission of earlier arrests when defendants were arrested on board a ship carrying a large amount of marijuana to show that the defendants had knowledge of the ship's contraband contents and intended to possess and distribute the drugs); United States v. Boone, 279 F.3d 163 (3d Cir. 2002) (upholding admission of prior drug dealing activities to prove knowledge, intent, and absence of mistake).

Drug dealing evidence from a prior period close in time to the discovery of the drugs can suggest knowledge and intent if those issues are in dispute. A period as near in time as three months would not be too distant to undermine admissibility. In opposition, however, Mr. Hills argues that 10 years is too long a span to be relevant in this case and, in fact, falls into the category of unjustified prejudice. While there may be merit to Mr. Hills's concern, at this juncture the Court is without sufficient information about the specific proposed evidence or the other circumstances surrounding the discovery of the drugs in this case to make a definitive

ruling as to this entire category of evidence.  Accordingly, this aspect of the Government's motion will be held in abeyance awaiting developments during trial.

An Order incorporating the foregoing accompanies this Memorandum.

BY THE COURT:


  /s/ Gene E.K. Pratter
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE