IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES *of* AMERICA | : : : | CRIMINAL |
|---|---|---|
| *v.* | : : | No. 08-654 |
| RONALD HILLS | : : |  |

**M E M O R A N D U M**

PRATTER, J.                                                                                        SEPTEMBER 24, 2010

**INTRODUCTION**

On June 3, 2010, Ronald Hills was convicted by a jury of possessing (1) crack cocaine with an intent to distribute; and (2) a firearm in furtherance of a drug trafficking crime. After the return of these guilty verdicts, the Government read into evidence a stipulation that Mr. Hills had been previously convicted of a felony, and the jury renewed its deliberations and found Mr. Hills guilty of the additional offense of being a felon in possession of a firearm.

Mr. Hills has filed post-trial motions seeking a judgment of acquittal or, alternatively, a new trial. For the reasons set forth below, these motions will be denied.

**FACTUAL BACKGROUND**

During Mr. Hills' trial, the Government presented evidence that police officers had searched the home of Mr. Hills' wife, Sheree Geter-Hills; and that while they were in the master bedroom, police discovered a plastic bag of crack cocaine in one of Ms. Geter-Hills' handbags, and a loaded automatic Llama-brand handgun in a dresser. These items were the contraband that the jury ultimately convicted Mr. Hills of possessing.

Among the evidence that was presented to connect Mr. Hills to crack cocaine and the gun was the testimony of officers that Mr. Hills was at Ms. Geter-Hills' house when they arrived to conduct their search; that the house contained mail addressed to Mr. Hills; that there were men's clothes in Mr. Hills' size in a dresser in the bedroom; that there was crack cocaine paraphernalia, including an electronic scale, in the same dresser that contained the male clothing;[1] and that there was a loaded automatic Llama handgun in the same dresser, hidden in a Christmas stocking.[2]

The jury also heard the testimony of Ms. Geter-Hills, who said that she and Mr. Hills had been sharing the master bedroom, and were the only people with keys to open its door; that Mr. Hills had been using the dresser in which the police officers found the male clothing, the drug paraphernalia, and the handgun; and that the bag of crack cocaine from her purse belonged to Mr. Hills. Ms. Geter-Hills also testified that she had previously seen Mr. Hills carry a heavy object into the house in a Christmas stocking, and said that she had later seen this same stocking in Mr. Hills' dresser and had found that it contained a gun like the Llama later uncovered by police.

Finally, the Government presented the testimony of a woman named April Richardson, who identified the electronic scale from the dresser as a scale that she had seen Mr. Hills use to weigh crack cocaine. Ms. Richardson testified that she recognized the particular electronic scale because it had a broken arm, and said that Mr. Hills had previously lent her the scale but that she had returned it to him not long before he was arrested. In the context of providing this testimony, and to give it probative weight, Ms. Richardson asserted that she had been involved in a long-term relationship with Mr. Hills, which was based in large part on dealing crack cocaine.

---

[1] Other items in the dresser included a dinner plate with white residue, razor blades encrusted with white residue, and a large number of small plastic baggies.

[2] An expert witness, Detective Andrew Callahan, testified that automatic handguns are tools of the crack cocaine trade, which often involves gun violence.

DISCUSSION

Mr. Hills has moved for the entry of a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, on the ground that the evidence presented was insufficient to sustain a guilty verdict with regard to possession of the drugs and possession of the handgun in furtherance of drug trafficking. In the alternative, he invokes Rule 33 to seek a new trial.

### A. *Motion for a Judgment of Acquittal*

In evaluating a Rule 29 motion, the Court must "review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002) (*quoting United States v. Wolfe*, 245 F.3d 257, 262 (3d Cir. 2001)). The Court must "draw all reasonable inferences in favor of the jury's verdict." *Id.* (*quoting United States v. Andeskow*, 88 F.3d 245, 251 (3d Cir. 1996)). Therefore, a finding of insufficiency should "be confined to cases where the prosecution's failure is clear." *Id.* (*quoting United States v. Leon*, 739 F.2d 885, 891 (3d Cir. 1984)). "[T]he evidence does not need to be inconsistent with every conclusion save that of guilt if it does establish a case from which the jury can find the defendant guilty beyond a reasonable doubt." *United States v. Cooper*, 567 F.2d 252, 254 (3d Cir. 1977).

Applying this standard, the Court finds that the evidence presented at trial constituted a sufficient basis for the jury to find Mr. Hills guilty of possessing both the crack cocaine and the handgun.[3] The testimony of Ms. Geter-Hills was substantially and substantively consistent with that of the police officers who testified at trial, and this testimony linked Mr. Hills to the house,

---

[3] Mr. Hills denies that he possessed the crack cocaine in question, but has not contested the secondary issue of intent to distribute.

the bedroom, the drug paraphernalia, the drugs themselves, and the Llama handgun. In addition, the testimony of Ms. Richardson linked Mr. Hills to the electronic scale that the police found in the dresser, from which the jury could have inferred that Mr. Hills was packaging drugs to sell.

Mr. Hills further argues that there was insufficient evidence presented to show that he possessed the handgun "in furtherance" of the crime of drug trafficking.[4] The Court disagrees. The Government presented evidence the Llama handgun was loaded; that the gun was located in the same dresser as the crack cocaine paraphernalia (and in the same room as the drugs); and that automatic handguns are often a tool of the crack cocaine trade, which is a violent activity.[5] An officer also testified that the police discovered $944 in cash in proximity to the gun and drugs. Taken together, these pieces of evidence provided the jury with a legally sufficient basis to find Mr. Hills guilty of possessing the gun to advance drug trafficking.[6]

### B. *Motion for a New Trial*

A trial court can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if the court "believes that there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002). "Motions for a new trial based on the weight of the evidence are not favored," and they "are to be granted sparingly and only in exceptional cases."

---

[4] Under Section 924(c), the mere presence of a firearm – without more – is not sufficient to establish possession of a firearm in furtherance of a drug trafficking crime.

[5] On the use of automatic handguns in the sale of crack, see fn. 2, *supra*.

[6] The U.S. Court of Appeals for the Third Circuit has held that in determining whether a gun was used in furtherance of drug trafficking, courts should consider "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *United States v. Sparrow,* 371 F.3d 851, 853 (3d Cir. 2004).

*Government of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987).

This is not such an exceptional case. The Government presented substantial evidence linking Mr. Hills to the drugs and the handgun, and also to support the jury's conclusion that Mr. Hills used the gun in furtherance of drug trafficking activities. In addition, no evidence was ever presented which alerted the Court to a serious danger that Mr. Hills might be convicted though innocent.[7] Thus, the jury's guilty verdict was not contrary to the weight of the evidence.

Mr. Hills also argues that a new trial should be granted because the Court improperly admitted testimony from Ms. Richardson regarding her lengthy drug-trafficking relationship with Mr. Hills. The Court admitted this testimony pursuant to Rule 404(b) of the Federal Rules of Evidence, which allows the Government to present evidence of a defendant's other crimes, wrongs, or acts for certain purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence or mistake or accident."[8]

In this case, the Court allowed Ms. Richardson to testify as to Mr. Hills' previous drug trafficking because (1) the Government presented this testimony as evidence that Mr. Hills had intended to distribute the crack cocaine (since Ms. Richardson said that she had never known Mr. Hills to use crack himself – testimony that was only meaningful if Ms. Richardson had reason to know Mr. Hills' habits); and (2) Ms. Richardson's identification of the electronic scale found in the dresser could only have been presented in the context of her statement that she had often seen

---

[7] The fact that the drugs and handgun were not on Mr. Hills' person at the time he was arrested, and were instead stashed inside the house, is does not qualify as evidence tending to prove that he was innocent of possessing these items.

[8] Admission under Rule 404(b) is governed by a four-part test, which asks the court consider whether the evidence (1) had a proper purpose; (2) was relevant; (3) had probative value that outweighs its potential for unfair prejudice; and (4) was followed or preceded by a charging instruction that informed the jury that must consider the evidence only for those limited purposes for which it was admitted. *United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003).

Mr. Hills use this particular scale to weigh crack cocaine, and that Mr. Hills had lent it to her so that she could use it for the same purpose. The probative value of Ms. Richardson's testimony would have been dramatically vitiated if she had been unable to explain why she believed that Mr. Hills intended to sell the drugs, or why she recognized this particular scale.

The Court of Appeals for the Third Circuit has recently emphasized that "bad acts" evidence is generally admissible unless introduced "*solely* to prove criminal propensity." *United States v. Green*, 2010 U.S. App. LEXIS 16431, *29 (3d Cir. 2010) (emphasis in original). Given that Ms. Richardson's testimony shed light on Mr. Hills' possible intentions regarding the drugs, and also provided a basis for her ability to identify the scale (and for the jury to view this scale's presence in the dresser as incriminating), this testimony was properly admitted.

Finally, Mr. Hills renews a motion for mistrial that was denied at trial. During her testimony, Ms. Geter-Hills recalled August 22, 2008 as "the day police officers came to arrest Ronald." Mr. Hills argues that the utterance of this statement justifies a new trial because Ms. Geter-Hills supposedly tipped the jury off to the fact that the police were already looking to arrest Mr. Hills before they arrived at her home and conducted the search that uncovered the drugs and the Llama handgun.[9] Indeed, unbeknownst to the jury, this was the case: Mr. Hills was a suspect in a bank robbery investigation, and this is why the police came to Ms. Geter-Hills' home.

However, Ms. Geter-Hills' statement was sufficiently oblique and imprecise that there is no reason to believe that it prejudiced Mr. Hills. Given that Mr. Hills was on trial, the jury was already aware that he had been arrested on August 22, 2008. The only question is whether Ms.

---

[9] After Mr. Hills' counsel moved for a mistrial due to Ms. Geter-Hills' comment, the Court determined not to instruct the jury to disregard the comment, on the ground that doing so would merely prompt jurors to ruminate on the syntax of an offhanded statement which had in all likelihood flown under their collective radar. Mr. Hills' counsel concurred in this assessment, as did the Government, and the agreement of the parties was another basis of the Court's ruling.

Geter-Hills' statement was so formulated as to make evident that the police were already planing to arrest Mr. Hills *for a different crime* – i.e., one other than drug or gun possession – before they arrived at the house that day.  Even if the jury picked up on the subtle implication that the police came to the house with the prior intention of arresting Mr. Hills, no evidence was presented that Mr. Hills was being charged with any other crimes – and even a sophisticated juror might easily have concluded that in coming to the house, the police had been acting on other evidence of the drug crime for which Mr. Hills was on trial.

The Court can see no reason to believe that Ms. Geter-Hills' statement would have meaningfully affected the deliberations of a rational jury in any way at all, and thus reaffirms the earlier holding that a mistrial declaration would have been inappropriate in this case.

## Conclusion

For the reasons set forth above, Mr. Hills' motions for a judgment of acquittal or, alternatively, a new trial will be denied.  An order to this effect follows.

BY THE COURT:

  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE