IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| RONALD HILLS | : | No. 08-654-1 |
| | : | |

**MEMORANDUM**

PRATTER, J.                                                                 SEPTEMBER __, 2022

In 2010, Ronald Hills was convicted of charges relating to armed bank robbery and drug trafficking. Mr. Hills filed an amended motion to correct his sentence pursuant to 28 U.S.C. § 2255, claiming that his crime of bank robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c) and thus the resulting sentence violates due process of law. The Government thereafter filed a response in opposition to Mr. Hill's motion, arguing that Mr. Hills's conviction under § 924(c) remains valid pursuant to Third Circuit Court of Appeals precedent. For the reasons set forth below, the Court denies Mr. Hill's § 2255 motion and will not issue a certificate of appealability.

**BACKGROUND**

In 2009, a grand jury returned a superseding indictment, which charged Mr. Hills with one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Count One); one count of carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); one count of possession of cocaine with intent to distribute, in violation of 18 U.S.C. § 841(a)(1) (Count Three); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Four); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Five). The Court granted Mr. Hills's motion to sever the trial for Counts One and Two from the trial for Counts Three through Five. In

2010, two juries found Mr. Hills guilty on all counts. The Court sentenced Mr. Hills to a total term of 444 months of imprisonment, consisting of 60 months on each of Counts One, Three, and Five, to run concurrently; 84 months on Count Two to run consecutively to the sentence on Counts One, Three, and Five; and 300 months on Count Four, to run consecutively to the other sentences. The Court also sentenced Mr. Hills to five years of supervised release, a fine of $1,000, restitution of $909, and a special assessment of $500.

Mr. Hills filed a *pro se* motion for relief under 28 U.S.C. § 2255 on December 10, 2014. The Government responded to that motion on February 20, 2015, and Mr. Hills filed a supplemental brief in support of his motion on March 25, 2015. In May 2016, this Court granted Mr. Hills's request that the Federal Community Defender's Office represent Mr. Hills for purposes of litigating a § 2255 motion seeking relief pursuant to *Johnson v. United States*, 576 U.S. 591 (2015), which held that the so-called residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e), is void for vagueness. The Federal Community Defender's Office then filed an amended § 2255 motion based on *Johnson* on Mr. Hills's behalf on May 12, 2016. Subsequently, the Third Circuit Court of Appeals held that armed bank robbery qualifies as a crime of violence under § 924(c). Mr. Hills submitted a notice of authority conceding that case law of the Third Circuit Court of Appeals governs the *Johnson* claim in his § 2255 motion. The Government filed its response in opposition to the *Johnson* claim, seeking denial of the amended motion. Mr. Hills's § 2255 motion arguing his *Johnson* claim is now ripe for decision.

### LEGAL STANDARD

A federal prisoner may move for relief under 28 U.S.C. § 2255(a), which provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Generally, the habeas petitioner bears the burden of proving his or her conviction is illegal. *United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977). "In order to prevail on a § 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Hrynko*, No. 20-cv-6099, 2021 WL 3209891, at *1 (E.D. Pa. July 29, 2021) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## DISCUSSION

A jury found Mr. Hills guilty of armed bank robbery, in violation of 18 U.S.C. § 2113(d), as well as carrying a firearm in the commission of that offense, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[1] Section 2113(d) sets forth penalties for anyone who, "in committing, or attempting to commit, [a bank robbery] defined in subsections (a) and (b) of [§ 2113], assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence or drug trafficking crime.'" *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019) (quoting § 924(c)(1)(A)). The statute defines a "crime of violence" in two sub-clauses as an "offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

[1] Mr. Hills was also found guilty of a second count under § 924(c) for possession of a firearm in furtherance of a drug trafficking crime, but that conviction is not challenged in his amended § 2255 motion. Mot. to Correct Sentence under 28 U.S.C. § 2255, Doc. No. 274, at 2 n.2.

3

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Sub-clause (A) is known as the "elements clause" and sub-clause (B) constitutes the "residual clause." *Davis*, 139 S. Ct. at 2324. But in *Davis*, the Supreme Court, looking to its prior decision in *Johnson* and acknowledging the similarities between the residual clause in the Armed Career Criminal Act at issue in that case and the residual clause in § 924(c)(3), held that § 924(c)(3)(B) was unconstitutionally vague, leaving only the elements clause of § 924(c)(3) intact. *Davis*, 139 S. Ct. at 2336. It follows that, to meet the definition of a crime of violence under § 924(c), an offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C § 924(c)(3)(A).

Mr. Hills filed his amended § 2255 motion in 2016, after the Supreme Court's *Johnson* decision, but he correctly anticipated that the Supreme Court would apply its rationale in *Johnson* to § 924(c), ahead of the 2019 decision in *Davis*. Relying on *Johnson*, Mr. Hills argues that his conviction and sentencing under § 924(c) for using or carrying a firearm in furtherance of a crime of violence violates due process of law, and must be vacated, because the predicate crime for that conviction, armed bank robbery, does not qualify as a crime of violence under the elements clause in § 924(c). Since Mr. Hills filed his motion, the Third Circuit Court of Appeals has directly addressed that argument and held that armed bank robbery indeed qualifies as a crime of violence under the elements clause. *See United States v. Johnson*, 899 F.3d 191, 202–204 (3d Cir. 2018) (looking to the statutory definition of armed bank robbery under § 2113(d) and finding that it meets the § 924(c) elements clause because "[o]ne cannot assault a person, or jeopardize his or her life with a dangerous weapon, unless one uses, attempts to use, or threatens physical force"). Mr. Hills has acknowledged the holding of the Third Circuit Court of Appeals in *Johnson* that armed bank

robbery qualifies as a crime of violence and concedes that it governs the claim in his amended § 2255 motion. Therefore, Mr. Hills has failed to meet his burden to show that his sentence was imposed in violation of constitutional law, and he is not entitled to relief pursuant to 28 U.S.C. § 2255.

## CONCLUSION

For these reasons, the Court denies Mr. Hills's amended motion to correct his sentence pursuant to 28 U.S.C. § 2255. A certificate of appealability will not issue because Mr. Hills "has [not] made a substantial showing of the denial of a constitutional right" or shown that reasonable jurists could debate whether his petition could have been resolved differently. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). An appropriate Order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE